# EXHIBIT E

Case 1:25-cv-01665-MJM     Document 1-5     Filed 05/23/25     Page 1 of 4

| | |
|---|---|
| **From:** | Gayfield, Joshua J. |
| **Sent:** | Thursday, August 15, 2024 11:41 AM |
| **To:** | Lamonna Donna M |
| **Subject:** | RE: Fax |

Good Morning Donna:

Thank you for your messages and the opportunity to provide further information in support of my clients' positions. As you may know, while this particular examination has been ongoing for "only" 3.5 years, the IRS scrutiny of Second Chance and its missions has been in motion for well over a decade. For reasons explained by my colleague, Tom O'Rourke, in his February 15, 2021 correspondence, there is no legitimate basis for this newest examination as Second Chance is not involved in promoting improper tax avoidance transactions and has been fully compliant with all previously-issued and available IRS guidance, to the extent there is any at all. Over the years, despite the extraordinary burden and expense of the IRS's various investigations, Second Chance and Mr. Foster have at all times been available to discuss this matter and have provided all information that has been requested. *None* of the information provided to the IRS in this newest examination has demonstrated anything contrary to our initial position. Indeed, Form 886A as prepared by Agent Bauer appears to, primarily, take issue with the valuation methodology by a third-party materials appraiser utilized by some of Second Chance's donors. Nonetheless, it stretches disagreements about valuation methodologies into a conclusion that Second Chance somehow *knew* that the third-party appraisals would lead to an "understatement of another person's tax liability." Not only does this erroneous conclusion propose to make *charities* and their personnel the arbiters of valuation methodologies employed by qualified third-party property appraisers, it does so without a single reference to statutory or other authority demonstrating that, somehow the appraisal methodology employed was unlawful, or that a charity whose donors rely on such methodology can be penalized for the same. On these thinnest of reeds, the IRS proposes to assess penalties against one of the most respected and productive charities in the state of Maryland, if not the East Coast.

On these facts, a neutral observer could conclude that the IRS continues to be laser-focused on accomplishing its long-held and stated goal of "put[ting] a stake through the heart of Second Chance." Unsurprisingly, after all these years and costly investigations, my clients have little confidence that any further engagement in this examination will result in anything other than additional cost and delay, which they can ill afford. More to the point, we are confident that there is ample evidence before the IRS to permit it to close this investigation without any adverse determination against my clients. Accordingly, we respectfully request that the IRS properly close its investigation; should the IRS maintain its position, we ask that it issue any penalty assessment notice(s) <u>as promptly as possible</u>.

I thank you again for your careful consideration of this matter. Please let me know if you have any questions.

Respectfully,

Josh Gayfield


**Joshua J. Gayfield**
*Principal*

100 Light Street | Baltimore, MD 21202
D: +1 410.385.3734 | O: +1 410.727.6464 | F: +1 410.773.9096

1



vCard | jgayfield@MilesStockbridge.com



**From:** Lamonna Donna M <Donna.M.Lamonna@irs.gov>
**Sent:** Tuesday, August 13, 2024 8:00 AM
**To:** Gayfield, Joshua J. <jgayfield@MilesStockbridge.com>
**Cc:** Lamonna Donna M <Donna.M.Lamonna@irs.gov>
**Subject:** [EXTERNAL] FW: Fax

○ External e
○ Contains topics of a finar

**[EXTERNAL]**

Good Morning, Josh,

I just read through your protest, and I need more detailed information. I need you to give me a list of the misstatements of fact that you claim were made and also the misapplications of law, many of which you said were previously brought to the IRS's attention in various prior proceedings. What/when were these proceedings? Please provide this information on or before Friday August 16, 2024.

Thanks,
Donna


*Donna Lamonna*
*Abusive Transactions Revenue Agent*
*2670 Industrial Highway*
*York, PA  17402*
*223-259-5340 (desk phone)*
*888-850-0320 (e-fax)*


**From:** Lamonna Donna M
**Sent:** Tuesday, August 13, 2024 6:09 AM
**To:** Gayfield, Joshua J. <jgayfield@MilesStockbridge.com>
**Subject:** Fax

Good Morning, Josh,

I received the fax regarding the report I issued.

Thanks,
Donna

*Donna Lamonna*

2

*Abusive Transactions Revenue Agent*
*2670 Industrial Highway*
*York, PA  17402*

*223-259-5340 (desk phone)*
*888-850-0320 (e-fax)*